**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ZOLA H., *et al*,

    Plaintiffs,

v.                                                                        Case No. 12-14073

RICK SNYDER, *et al*,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE
ORDER; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO
ADD AND DELETE PARTIES; AND DENYING PLAINTIFFS' MOTION
TO ALTER OR AMEND JUDGMENT**

The matter before the court is Plaintiffs' "Motion to Alter/Amend Judgment; Motion for Protective Order; and Motion to Add/Delete Parties." [Dkt. # 63] As the title of the motion reveals, it is actually three motions combined into one. Plaintiffs are advised that going forward, motions should be filed separately and should not be combined into a single motion addressing multiple discrete topics. Relatedly, the court notes that Plaintiffs did not seek concurrence of opposing counsel prior to filing this motion. Local Rule 7.1(a), as well as the court's motion practice guidelines, requires parties to seek concurrence in the relief requested *prior to* filing a motion. This rule saves both the court and the parties time by allowing agreed-upon issues to be disposed of quickly and easily. A violation of this rule may result in a summary denial of the motion, as well as the imposition of an appropriate sanction upon the responsible attorneys. E.D. Mich. L. R. 11.1. In the future, motions filed in violation of the local rules or the court's case management rules will be stricken from the docket and

summarily denied.

### A. Plaintiffs' Motion for Protective Order

Plaintiffs request that the court allow them to use pseudonyms in order to protect the minor children who are parties to this action. Plaintiffs further request that pseudonyms be extended to the children's parents as well, so that the children are not identifiable by association. None of the Defendants have objected to this request. The court recognizes the sensitive nature of Plaintiffs' allegations and agrees that a protective order is necessary. Plaintiffs' motion for a protective order is granted, and Plaintiffs will be permitted to use pseudonyms in this proceeding.

### B. Plaintiffs' Motion to Add or Delete Parties

Plaintiffs ask that the following parties be dismissed from this action: Defendants Rick Snyder, Duane Berger, Steve Yager, Cathe Hoover, Ingham County Department of Human Services, Clinton County Department of Human Services, Joel Brown, Angela Wright, Melissa Jenniches, Tania Otero, Linda Keller, Nancy Hill-Leadmon, Kay Andrzejak, James Paparella, Latrice Neal, Kumari Reynolds, and Plaintiffs John Smith, Robert Jones, and Lisa Anderson. However, Plaintiffs' Amended Complaint does not name any of the above individuals as parties. Thus, it appears that Plaintiffs' request to dismiss these parties should be denied as moot.

Plaintiffs also request that the following defendants be added to this action: Michigan Department of Human Services, Claudia Bahrie, Mary Beth Grim, Barbara Lund, and Kate Hanley. With the exception of Kate Hanley, all of these parties appear as Defendants in the Amended Complaint. Hanley is neither listed as a Defendant nor mentioned in the Amended Complaint. Therefore, Plaintiff's request to add Hanley is

denied.  For the time being, the court will allow Plaintiffs to add the Michigan Department of Human Services, Claudia Bahrie, Mary Beth Grim, and Barbara Lund as Defendants in this action.  The court expresses no view as to the legitimacy of an action against these parties, and Defendants are free to renew their arguments in their respective motions to dismiss.

Plaintiffs also seek to retain Defendants Felicia Beadle and Debra Marre as Defendants in this action.  In Plaintiffs' response to Defendants' motions to dismiss the original complaint, Plaintiffs stated: "Plaintiffs[] stipulate that Ennis Center Defendants: . . . Felisha Beadle, and Debbi Marre be dismissed from the lawsuit based on Ennis Center's representation that they were never employees[.]"  (Pg. ID# 1985.)  Because the court dismissed Plaintiffs' original complaint in its entirety, there was no need to address this issue.

The State Defendants now argue that Plaintiffs, having previously agreed to dismiss Beadle and Marre, may not now retain them as parties to the lawsuit.  Normally it is true that "if parties could challenge their prior stipulations at will, stipulations would lose much of their purpose." *Estate of Quirk v. Commissioner of Internal Revenue,* 928 F.2d 751, 759 (6th Cir. 1991).  However, Plaintiffs' allegations in their Amended Complaint differ from their previous allegations in the original complaint in an important way; in their Amended Complaint, Plaintiffs allege that Defendants Beadle and Marre are employees of Defendant Genesee County Department of Human Services rather than employees of Defendant Ennis Center for Children.  Plaintiffs' stipulated dismissal in their response to Defendants' motions to dismiss appears to have been based on a representation by Defendant Ennis Center that Beadle and Marre never worked for the

3

Ennis Center. Plaintiffs have corrected this apparently mistaken allegation, and now allege that Beadle and Marre were employees of a separate and unrelated Defendant, the Genesee County Department of Human Services. Time will tell whether Beadle and Marre are more accurately named as employees of Genesee County, and the court will address this issue if it arises.

### C. Plaintiffs' Motion to Alter or Amend Judgment

Plaintiffs move pursuant to Federal Rule of Civil Procedure 59(e) which provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A judgment has not been entered in this case. On September 3, 2013, the court issued an "Opinion and Order Granting Defendants' Motions to Dismiss" dismissing Plaintiffs' complaint, but allowing Plaintiffs to file an amended complaint. Plaintiffs cite *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979), as support for their argument that a motion under Rule 59(e) is proper despite the lack of a judgment to challenge. However, in *Smith* the court had granted the defendant's motion for summary judgment, but not yet issued a separate judgment as required by Federal Rule of Civil Procedure 58(a). Thus, a final disposition of the case had been obtained at the time the *Smith* plaintiffs made their motion. In the present case, a final order has not been entered and Plaintiffs have been permitted to file an amended complaint to cure the defects identified in the court's September 3, 2013, Opinion and Order. Plaintiffs' motion to alter or amend judgment is denied.

To the extent Plaintiffs seek clarification of the court's prior order regarding issues of sovereign immunity, Plaintiffs were granted leave to correct the defects in their Complaint (if the defects could be corrected) in their Amended Complaint. The court will

consider any additional arguments by the parties regarding sovereign immunity as part of renewed motions to dismiss by Defendants. Accordingly,

IT IS ORDERED that Plaintiffs' motion for protective order is GRANTED. [Dkt. # 63]

IT IS FURTHER ORDERED that Plaintiffs motion to add as Defendants the Michigan Department of Human Services, Claudia Bahrie, Mary Beth Grim, Barbara Lund is GRANTED. Leave to add Defendant Kate Hanley is DENIED. [Dkt. # 63]

IT IS FURTHER ORDERED that Plaintiffs' motion to alter or amend judgment is DENIED. [Dkt. # 63]

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 8, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522