**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ZOLA H., *et al.*,

    Plaintiffs,

v.                                                      Case No. 12-14073

RICK SNYDER, *et al.*,

    Defendants.

                                                /

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

Pending before the court is a Motion to Dismiss without prejudice, filed by Plaintiffs Amelia C., Frederick C., and Odette C. ("Family C") on August 1, 2014 (Dkt. # 83) and an Order to Show Cause why the court should not dismiss the claims of Andrea F., Anna F., Erica F., Anthony F., and Thomas F. ("Family F", and together with Family C the "Remaining Plaintiffs") issued the same day (Dkt. # 82). For the reasons that follow, the court will grant the motion in part and dismiss the case without prejudice.

**I. BACKGROUND**

This civil rights case was filed on September 13, 2012 by eight families alleging, *inter alia*, that the State of Michigan inadequately administered its foster care and adoption programs. Six of the eight families have settled with Defendants, leaving only Family C and Family F. Family C wishes to continue this litigation by seeking an administrative hearing through the Michigan administrative system. Family F, represented by the same counsel, have indicated in response to the Order to Show

Cause and in telephonic conferences that they concur and would like the action dismissed as to them as well if the court grants Family C's motion.

The Remaining Plaintiffs also seek an order requiring the "State Defendants to request and participate in an administrative hearing for Amelia C. regarding any and all available benefits and subsidies to which she may be entitled." The Remaining Plaintiffs point out that discovery has not begun and the only activity on the case has been motion practice regarding the propriety of dismissal and (productive) settlement negotiations.

For their part, the remaining Defendants acknowledge that it is not "the intent of the parties to continue the case before the Court." (Dkt. # 84, Pg. ID 3941.) However, they insist that any dismissal should be with prejudice, or in the alternative, upon condition that Plaintiffs pay Defendants' litigation costs and attorney fees prior to filing any claims based on the facts or law, regardless of forum.

## II. STANDARD

Federal Rule of Civil Procedure 41(a)(2) governs dismissals without prejudice, where, as here, an answer has been served. Rule 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is within this court's discretion whether to grant dismissal without prejudice under Rule 41(a)(2). *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Plaintiffs are not allowed, however, to serially start and stop lawsuits on a whim, whipsawing defendants with each change of direction. The court therefore must be mindful to protect the Defendants "from unfair treatment" where they "would suffer 'plain legal prejudice' as a result of dismissal without prejudice, as

opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). The Sixth Circuit has instructed courts to consider "such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

### III. DISCUSSION

In evaluating the factors set forth above, the court finds that the Remaining Plaintiffs have met the standard for dismissal without prejudice. The parties have undertaken no discovery. The case has been on the court's docket for a while, but the pendency has not been excessive. On the contrary, the productive settlement discussions led to the resolution of six of the eight families' claims. Defendants point to no lack of diligence on the part of the Remaining Plaintiffs. The Remaining Plaintiffs have adequately explained their desire to take a dismissal. Although motions for summary judgment have been filed, they were styled Motions to Dismiss and/or for Summary Judgment and were filed without the benefit of discovery. Each of the factors weighs, to a greater or lesser extent, in favor of permitting this case to be dismissed without prejudice.

Defendants argue that they would suffer plain legal prejudice because they have previously litigated these claims at the state administrative level, thus rendering any future proceedings a third round. However, any prior proceedings are not part of the analysis. The court only considers whether the fact that the existence of *this* litigation would prejudice Defendants in a future litigation. The court finds that it would not.

3

Defendants claim that the "considerable effort and expense" involved in preparing their Motion to Dismiss warrants denial of the instant motion or imposition of conditions on a dismissal without prejudice. That claim is unavailing. The Motion to Dismiss was filed before six of the Plaintiff families had settled, so it was not targeted to the Remaining Plaintiffs. Indeed, apart from a brief summary in the Statement of Facts, the motion does not differentiate among the various Plaintiffs.

Additionally, one of Defendants' grounds for seeking dismissal was failure to exhaust administrative remedies. Defendants cannot reasonably complain that the Remaining Plaintiffs seek to exhaust the very remedies Defendants demanded they pursue. Granting the Remaining Plaintiffs' motion here is tantamount to granting Defendants' motion. This is consistent with Defendants' arguments. *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999), the principal case cited by Defendants in the Failure to Exhaust section in their Motion to Dismiss, *see* Dkt. # 35, Pg ID 1340, ordered a dismissal *without prejudice* for failure to exhaust. *Freeman*, 196 F.3d at 645; *see also Mitchell v. Walter*, 538 F. Supp 1111, 1119 (S.D. Ohio 1982) (cited by Defendants in support of Motion to Dismiss).

Accordingly, the court will grant the motion in part. However, the court declines to order the State Defendants to provide an administrative hearing. This request exceeds the scope of Rule 41 and the Remaining Plaintiffs provide no authority to suggest that the court may burden *Defendants* with conditions on a dismissal without prejudice. The court also declines Defendants' request to condition the dismissal on Remaining Plaintiffs' payment of attorneys' fees and costs. As noted above, the effort expended on this action was not wasted. All litigation costs unique to the Remaining

4

Plaintiffs revolve solely around Defendants' resistance to the dismissal without prejudice. The court finds that any expenses Defendants have incurred subsequent to the first six families exiting this case have been self-imposed.

## IV. CONCLUSION

IT IS ORDERED that Family C's Motion to Dismiss Without Prejudice (Dkt. # 83) is GRANTED IN PART AND DENIED IN PART. It is GRANTED in that this action is DISMISSED WITHOUT PREJUDICE as to all remaining Plaintiffs.[1] It is DENIED in all other respects.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2015, by electronic and/or ordinary mail.

        s/M. Beauchemin
        Deputy Clerk
        (313) 234-5525

---

[1] Dismissal as to Family F is pursuant to the Order to Show Cause (Dkt. # 82).